## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JONATHAN KNIGHTS and
DIANNE R. KNIGHTS,

        Plaintiffs,

    v.

CHASE HOME FINANCE,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, INC., and
WASHINGTON MUTUAL BANK,
FA,

        Defendants.

CIVIL ACTION FILE NO.

1:10-CV-2788-TCB-RGV

## MAGISTRATE JUDGE'S ORDER, REPORT, AND RECOMMENDATION

Pending before the Court are a motion to stay pretrial deadlines, [Doc. 6], and

a motion to dismiss plaintiffs Jonathan Knights and Dianne R. Knights' ("plaintiffs")

complaint, [Doc. 5], filed by defendants Chase Home Finance, LLC (improperly

named as Chase Home Finance) ("Chase"), Mortgage Electronic Registration

Systems, Inc. ("MERS"), and Washington Mutual Bank FA ("WaMu"), (collectively

referred to as "defendants").[1] Plaintiffs, proceeding *pro se*, have not filed a response

---

[1] On September 25, 2008, JPMorgan Chase Bank, N.A. acquired certain assets
of WaMu, including all loans from the Federal Deposit Insurance Corporation acting
as Receiver, after WaMu failed.  [Doc. 51-1 at 1 n.1; Doc. 5-2].

to the motions, and they are therefore deemed unopposed.  See LR 7.1, NDGa.[2]  For

the following reasons, defendants' motion to stay, [Doc. 6], is **GRANTED**,[3] and it is

**RECOMMENDED** that defendants' unopposed motion to dismiss, [Doc. 5], be

**GRANTED**, and plaintiffs' complaint be **DISMISSED**.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On September 3, 2010, plaintiffs filed the instant complaint against

defendants, listing as separate causes of action violations of the Federal Trade

Commission Act, 15 U.S.C. § 41 et seq. ("FTC Act"); the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.; the Fair Credit Reporting Act

("FCRA"), 15 U.S.C. § 1681 et seq.; the Truth in Lending Act ("TILA"), 15 U.S.C. §

1601 et seq. and its implementing regulation, Regulation Z, 12 C.F.R. § 226.1 et seq.;

---

[2] Although defendants' motions are unopposed, the undersigned will address
the merits of the motions.  See Trainer v. Nix, Civil Action No. 1:07-CV-1227-JOF,
2009 WL 2370677, at *1 (N.D. Ga. July 29, 2009) (considering merits of defendants'
motions even though they were unopposed); Eley v. Morris, 390 F. Supp. 913, 917-18
(N.D. Ga. 1975) (evaluating plaintiffs' motions on the merits despite defendants'
failure to file responses in opposition).

[3] In their motion to stay, defendants seek a stay of their obligations to serve
initial disclosures, participate in a Rule 26(f) conference, and prepare and file a
report of that conference and a proposed discovery plan until after the Court rules
on its motion to dismiss.  Upon consideration of defendants' motion to stay, [Doc.
6], the Court hereby **GRANTS** the motion, [Doc. 6], and **ORDERS** that defendants'
obligations to participate in a Rule 26(f) conference and to file initial disclosures and
a joint preliminary report and discovery plan be stayed until the District Judge
reviews this Report and Recommendation on defendants' motion to dismiss, [Doc.
5].

and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 <u>et seq.</u>
[Doc. 1].  Plaintiffs also appear to assert state law claims for failure to produce the
original promissory note, breach of contract, fraud, and misrepresentation.  [<u>Id.</u>].

Plaintiffs allege that on March 15, 2002, they obtained a loan from WaMu in
the original principal amount of $180,900.00 to purchase property located at 6994
Mirkwood Avenue, Las Vegas, Nevada 89178 ("the Property").  [Doc. 1 at 1-2].[4]
Plaintiffs allege that the loan for this transaction provided for an interest rate of
8.650.  [<u>Id.</u> at 2].  Plaintiffs allege that they did not receive "[a]ll closing documents"
prior to the closing of the loan as required by TILA, and that they did not receive the
"Regulation Z early disclosure statements," a "Special Information Booklet," or a
"Controlled Business Arrangement Disclosure."  [<u>Id.</u> (emphasis omitted)].

Plaintiffs also allege that at some unspecified time, the loan was transferred
to Chase, and then again assigned to MERS.  [<u>Id.</u>].  Plaintiffs further allege that they
"asked that the Note Holder show proof of [a]ll of the closing papers by Original
Promissory note as to [w]ho the real holder in due course is."  [<u>Id.</u> at 4].  They also
assert that the "[d]efendants are 'debt collectors,'" that "the [d]efendants play a
prominent role in the secondary market for residential Mortgage loans by acquiring,

---

[4] On the Civil Cover Sheet, plaintiffs provided an address of 2416 Shamrock
Drive, Decatur, Georgia 30032, [Doc. 1-2 at 1]; however, they allege in their
complaint that they reside at the Property, [Doc. 1 at 22].

servicing, and selling large volume of loans," and that "in servicing the Plaintiffs['] loans, the defendants neglected Obtain [sic] timely and accurate information on the Plaintiffs['] loans[,] made inaccurate Claims to the Plaintiffs, and engaged in unlawful collection and servicing practices."  [Id. at 4-5].

Specifically, plaintiffs allege, among other things, that "defendants" misrepresented the amount owed on the mortgage loan, collected fees that were not allowed by the terms of the mortgage contract, misrepresented the fact that they relied on a reasonable basis for their representations about the loan, have harassed them in their attempt to collect on the debt, falsely represented the information concerning the debt, engaged in unfair practices to collect the debt, failed to notify them of their right to dispute and obtain verification of the debt, failed to report the dispute "[i]n which the Plaintiffs have informed defendants that they dispute the completeness or accuracy of information furnished by defendants to a consumer reporting agency," and failed to provide required disclosures.  [Id. at 7-15]. Plaintiffs further allege that "[i]n course of conduct of servicing loans in bankruptcy," the defendants misrepresented the "amount owed for pre petition arrearage and the amount and delinquency status of post petition payments."  [Id. at 16].

In their prayer for relief, plaintiffs ask the Court to, among other things, "[p]ermanently enjoin and restrain defendants from violating TILA, Regulation Z [a]nd RESPA," "[f]ind the defendants jointly and severally liable for redress," and "[a]ward such relief as the Court [d]eems [n]ecessary to prevent enrichment and to redress borrower injury resulting [f]rom [v]iolations of 5(a) of the FTC Act, TILA and Regulation Z, the ECOA's Regulation B, and the FCRA, including but not limited to, [r]escission or [r]eformation of [c]ontract, the refund of monies paid and disgorgement of ill-[g]otten gains," and award "[p]unitive damages for harassment, emotional distress and displacement," statutory, equitable, and special damages, "three times the amount set by TILA for violations," and litigation costs. [Id. at 23-25].

Defendants moves to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the complaint is a shotgun pleading which fails to comply with the notice pleading required under Rule 8 of the Federal Rules of Civil Procedure and fails to state a claim upon which relief may be granted. [Doc. 5-1 at 5-10]. Defendants also argue that plaintiffs' claims fail as a matter of law. [Id. at 10-18]. Defendants also requests that plaintiffs' claims asserted against them be dismissed with prejudice. [Id. at 18]. The Court will address each of these arguments.

## II.  STANDARD ON MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the court must accept the plaintiffs' allegations as true and construe the complaint in the plaintiffs' favor. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).[5]  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal marks and citations omitted). To survive a motion to dismiss, a complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Id. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

---

[5] "However, the court need not 'accept as true a legal conclusion couched as a factual allegation.'"  Smith v. Delta Air Lines, Inc., 422 F. Supp. 2d 1310, 1324 (N.D. Ga. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Additionally, '[c]onclusory allegations and unwarranted deductions of fact are not admitted as true . . . .'"  Id. (quoting Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974)) (footnote omitted) (alteration in original).  Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

"Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Broner v. Washington Mut. Bank, FA, 258 Fed. App. 254, 256 (11th Cir. 2007) (per curiam) (unpublished) (quoting Fed. R. Civ. P. 8(a)(2)).[6]  "Factual allegations must be enough to raise a right to relief above the speculative level," id., as the complaint must contain "enough facts to state a claim to relief that is plausible on its face," id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556).  The Supreme Court in Iqbal held:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief."

129 S. Ct. at 1949-50 (internal marks and citations omitted).

---

[6] Likewise, Federal Rule of Civil Procedure 10(b) requires that claims be set forth in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); Cooley v . Great S. Wood Preserving, 138 Fed. App. 149, 152 (11th Cir. 2005) (per curiam) (unpublished) (citations omitted).

Furthermore, although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this District's Local Rules.  Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008).  See also Beckwith v. Bellsouth Telecomms., Inc., 146 Fed. App. 368, 371 (11th Cir. 2005) (per curiam) (unpublished) (stating "[a]lthough we construe them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings").

## III.  DISCUSSION

### A.    Shotgun Pleading

Defendants argue that plaintiffs' complaint is an impermissible shotgun pleading, and therefore cannot satisfy the pleading requirements of the Federal Rules of Civil Procedure.  [Doc. 5-1 at 5-10].  Defendants asserts that all of the allegations in the pleading are conclusory and contain no facts supporting them, and that the complaint "reads like a commentary on the mortgage banking industry in this country, telling a story about 'Defendants [sic] Business Practices' in an attempt to bolster their legal arguments and explain elements of proof in this particular case." [Id. at 7].    Defendants further assert that plaintiffs' forty-seven page

complaint is "duplicative," "refers throughout to 'Defendants' without any attempt to distinguish between the three named defendants," making "it impossible to determine at which Defendant Plaintiff[s] [are] hurling a particular accusation," which "severely compromises Defendants' ability to respond to the allegations," and completely failing "to provide the requisite factual support for Plaintiffs' wild and fantastic legal conclusions" to meet the minimum pleading standards of Rule 8. [Id. at 7, 9].

The Court agrees that plaintiffs' complaint "is a quintessential 'shotgun' pleading of the kind [the Eleventh Circuit has] condemned repeatedly." Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam). See also Bailey v. Janssen Pharm., Inc., 288 Fed. App. 597, 602-03 (11th Cir. 2008) (per curiam) (unpublished); Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir. 2008) ("The complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years . . . ."). "It is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure." Magluta, 256 F.3d at 1284 (citation omitted).

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 Fed. App. 274, 277 (11th Cir. 2008) (per curiam) (unpublished) (citation omitted). In this case, each count of the complaint

incorporates by reference the allegations made in the previous paragraphs, which results in each count being "replete with factual allegations that could not possibly be material to that specific count, and . . . any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." Magluta, 256 F.3d at 1284.

Additionally, "when a complaint is grounded in fraud, as it appears plaintiff[s'] complaint is, the complaint must comply with Fed.R.Civ.P. 9(b)'s heightened pleading requirement that [i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Roundtree v. Countrywide Home Loans, Inc., No. 3:09-cv-189-J-32TEM, 2009 WL 5215334, at *4 (M.D. Fla. Dec. 29, 2009) (alteration in original) (internal marks and citation omitted). "To satisfy Rule 9(b)'s 'particularity' standard, a complaint should 'identify (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which the statements misled the plaintiff[s]; and (4) what the [d]efendants gain[ ] by the alleged fraud.'" Id. (quoting W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc., 287 Fed. App. 81, 86 (11th Cir. 2008) (per curiam) (unpublished) (citation omitted)). Plaintiffs generally assert allegations sounding in fraud throughout their complaint, but they have failed to plead with particularity a fraud claim anywhere in their complaint and have therefore failed to satisfy Federal Rule of Civil Procedure 9(b).

More important, plaintiffs have used a form pleading that is essentially identical to other pleadings filed in this Court, which "diminishes what limited credibility the complaint may have enjoyed."  Johnson v. EMC Mortg. Corp., Civil Action No. 1:09-CV-3510-WBH, at [Doc. 12 at 3] (N.D. Ga. Feb. 11, 2010).  See also Elrod v. Countrywide Home Loans Servicing, LP, Civil Action No. 1:10-cv-03013-JEC-JFK, at [Doc. 1] (N.D. Ga. Sept. 21, 2010) (form complaint comparable to plaintiff's complaint here); Clark v. Countrywide Home Loans Servicing, LP, Civil Action No. 1:10-cv-02009-CAP-JFK, at [Doc. 11] (N.D. Ga. Sept. 10, 2010) (same); Job v. Countrywide Home Loans Servicing, LP, Civil Action No. 1:10-cv-02386-TCB-GGB, at [Doc. 12] (N.D. Ga. Sept. 10, 2010) (same); Gardner v. Countrywide Home Loans Servicing, LP, Civil Action No. 1:10-cv-02529-TWT, at [Doc. 14] (N.D. Ga. Sept. 10, 2010) (same).[7]  Plaintiffs' form complaint fails to describe in sufficient detail the allegations of conduct by defendants in connection with each cause of action and the legal theory or authority that is the basis for liability against each of the defendants.  Roundtree, 2009 WL 5215334, at *5; Popham v. Cobb Cnty., Civil Action File No. 1:09-CV-1477-BBM, 2009 WL 2425954, at *2 (N.D. Ga. Aug. 5, 2009).  In fact, plaintiffs' complaint merely lists general allegations, "most of which are immaterial to most of the claims for relief."  Johnson Enters. of Jacksonville, Inc. v. FPL Group,

---

[7] Additionally, plaintiffs appear to have actually merged two form complaints as portions of pages 17 through 25 are identical to language used in other complaints in numerous cases.

Inc., 162 F.3d 1290, 1333 (11th Cir. 1998).  See also Clausell v. Bank of Am., N.A., Civil Action No. 1:10-CV-0618-CAP-JFK, at [Doc. 17], (N.D. Ga. July 20, 2010), adopted at [Doc. 18], (N.D. Ga. August 17, 2010).

"[A] defendant faced with a shotgun complaint is not expected to frame a responsive pleading."  McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc., No. 6:08-cv-1978-Orl-31KRS, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009) (citation omitted).  Because "[t]his is a classic and impermissible 'shot gun' complaint, failing to comply with Rules 8[, 9,] and 10 of the Federal Rules of Civil Procedure, as well as with the legal standards to be met in order to survive a motion to dismiss," plaintiffs' complaint is due to be dismissed or struck.  Roundtree, 2009 WL 5215334, at *4.  See also Davis, 516 F.3d at 983-84; Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 367 & n.5 (11th Cir. 1996).  Nevertheless, since defendants have moved to dismiss the complaint, the Court will address the merits of defendants' motion.

**B.     Merits of Plaintiffs' Claims**

Plaintiffs' complaint asserts federal claims under the FTC Act, FDCPA, FCRA, TILA, Regulation Z, and RESPA as well as state law claims for failure to produce the original promissory note, breach of contract, fraud, and misrepresentation.  [Doc. 1].

Defendants argue that plaintiffs' complaint should be dismissed as a matter of law. [Doc. 5-1].[8]

### 1.    Plaintiffs' Federal Claims

####     a.    *FTC Act Claim*

Plaintiffs allege that section 5(a) of the FTC Act was violated. [Doc. 1 at 7-9]. "Section 5 of the FTC Act prohibits unfair or deceptive acts or practices in or affecting commerce." FTC v. Nat'l Urological Group, Inc., Civil Action No. 1:04-CV-3294-CAP, 2008 WL 2414317, at *11 (N.D. Ga. June 4, 2008) (citing 15 U.S.C. § 45(a)). "To establish liability under [section 5] of the FTC Act, *the FTC* must prove: (1) that there was a representation; (2) that the representation was likely to mislead customers acting reasonably under the circumstances; and (3) that the representation was material." Id. (citations omitted) (emphasis added). Thus, "[t]here is no private cause of action implied under the [FTC Act]." Lingo v. City of Albany Dep't of Cmty. & Econ. Dev., 195 Fed. App. 891, 894 (11th Cir. 2006) (per curiam) (unpublished) (citation omitted) (citing Roberts v. Cameron-Brown Co., 556 F.2d 356, 361 n.6 (5th Cir. 1977) ("noting that 'regulation is in the hands of the

---

[8] Although defendants have not specifically addressed plaintiffs' RESPA, fraud, or failure to produce the note claims, the Court will discuss these claims since defendants seek dismissal of plaintiffs' complaint in its entirety. See Martin v. Citimortgage, Civil Action File No. 1:10-CV-00656-TWT-AJB, 2010 WL 3418320, at *8 n.13 (N.D. Ga. Aug. 3, 2010), adopted by 2010 WL 3418322, at *1 (N.D. Ga. Aug. 25, 2010).

administrative agency, and not the private citizen")); <u>Valet Apartment Servs., Inc.</u> <u>v. Atlanta Journal & Constitution</u>, 865 F. Supp. 828, 833 (N.D. Ga. 1994) (citation omitted). <u>See also</u> <u>Monacelli v. Lee Cnty. Educ. Ass'n</u>, No. 2:08-cv-893-FtM-29DNF, 2009 WL 256407, at *4 (M.D. Fla. Feb. 3, 2009), adopted at *1. Because plaintiffs cannot bring a claim under the FTC Act as private litigants, it is **RECOMMENDED** that plaintiffs' FTC Act claim be **DISMISSED**.

     **b.**   *FDCPA Claims*

In their complaint, plaintiffs quote specific provisions of the FDCPA, and then state that "defendants" violated those provisions. [Doc. 1 at 10-13]. For example, plaintiffs state that the "defendants have used conduct the natural consequence of which is to harass, oppress, or abuse any person," and that "defendants have used false, deceptive, or misleading representations or means . . . to . . . falsely represent[] the character, amount, or legal status of a debt." [<u>Id.</u> at 10-11]. Plaintiffs, however, fail to provide any factual support or to explain how or when the debt was mischaracterized, and plaintiffs' "formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555 (2007) (internal marks and citations omitted).

"Congress enacted the FDCPA in order to eliminate 'the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.'" <u>Harvey</u>

v. Great Seneca Fin. Corp., 453 F.3d 324, 329 (6th Cir. 2006) (citing 15 U.S.C. §

1692(a)).  In order to prevail on a FDCPA claim, plaintiffs must establish that:

> (1) [they] [have] been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA.

Beadle v. Haughey, No. Civ. 04-272-SM, 2005 WL 300060, at *2 (D.N.H. Feb. 9, 2005)

(quoting Russey v. Rankin, 911 F. Supp. 1449, 1453 (D.N.M. 1995)).   However,

plaintiffs have not alleged any facts which would show that defendants engaged in

any conduct that violates the FDCPA.  Specifically, plaintiffs have failed to allege

that defendants are debt collectors within the meaning of the statute.  See 15 U.S.C.

§ 1692a(6); Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985).  See also

Humphrey v. Washington Mut. Bank, F.A., Civil Action No. 1:06-CV-1367-JOF, 2007

WL 1630639, at *2 (N.D. Ga. June 1, 2007) ("Plaintiffs' [FDCPA] claim fails because

that Act applies only to debt collectors and not to creditors or mortgage servicers.");

Sabeta v. Baptist Hosp. of Miami, Inc., 410 F. Supp. 2d 1224, 1242 (S.D. Fla. 2005);

Trent v. Mortg. Elec. Registration Sys., Inc., 618 F. Supp. 2d 1356, 1360 (M.D. Fla.

2007).

Furthermore, to the extent plaintiffs are complaining of activity related to a

foreclosure, the Eleventh Circuit has held that "foreclosing on a security interest is

not debt collection activity for purposes of [15 U.S.C.] § 1692g."   Warren v.

Countrywide Home Loans, Inc., 342 Fed. App. 458, 460 (per curiam) (unpublished) ("[S]everal courts have held that an enforcer of a security interest, such as a [mortgage company] foreclosing on mortgages of real property . . . falls outside the ambit of the FDCPA. . . .") (internal marks and citations omitted)).  Because plaintiffs have asserted only vague and conclusory allegations of violations of the FDCPA, and "since foreclosing on a home is not debt collection for purposes of § 1692g," see id., they have failed to state a claim upon which relief can be granted, and it is **RECOMMENDED** that plaintiffs' FDCPA claim be **DISMISSED**.[9]

    **c.**    *FCRA Claim*

Plaintiffs also assert violations of the FCRA.  [Doc. 1 at 13-14].  Specifically, plaintiffs allege that they "have informed defendants that they dispute the completeness or accuracy of information furnished by defendants to a consumer reporting agency," and that "defendants have not reported the disputes to any or all of the consumer reporting agencies to which they furnish or have furnished the information."  [Id.].  Defendants argue that plaintiffs' complaint fails to provide a factual basis for this claim.  [Doc. 5-1 at 13].

---

[9] To the extent plaintiffs' complaint seeks injunctive relief with regard to the foreclosure sale due to an alleged FDCPA violation, their claim fails.  "[E]quitable relief is not available in private actions under the FDCPA."  Hennington v. Greenpoint Mortg. Funding, Inc., Civil Action Nos. 1:09-CV-00676-RWS, 1:09-CV-00962-RWS, 2009 WL 1372961, at *6 (N.D. Ga. May 15, 2009) (citation omitted).

15 U.S.C. § 1681s-2 "is the only part of the FCRA that governs the duties of furnishers of information to the credit reporting agencies." Jackson v. Genesys Credit Mgmt., No. 06-61500-CIV, 2007 WL 2113626, at *2 (S.D. Fla. July 23, 2007). Under § 1681s-2(a), "the FCRA prohibits furnishers of credit information from providing false information." Peart v. Shippie, 345 Fed. App. 384, 386 (11th Cir. 2009) (per curiam) (unpublished). However, section 1681s-2(a) of the FCRA "explicitly bars private suits for violations of this provision." Quale v. Unifund CCR Partners, Civil Action No. 09-0519-CG-M, 2010 WL 1417903, at *4 (S.D. Ala. Jan. 29, 2010), adopted by 2010 WL 1417907, at *1 (S.D. Ala. Mar. 30, 2010) (citing Peart, 345 Fed. App. at 386 (citations omitted)).

"The FCRA also requires furnishers of credit information to investigate the accuracy of said information upon receiving notice of a dispute." Peart, 345 Fed. App. at 386 (citing 15 U.S.C. § 1681s-2(b)). "First, in order to trigger a duty to act, [defendants] must 'receive notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information' it provided to 'a consumer reporting agency.'" Rambarran v. Bank of Am., N.A., 609 F. Supp. 2d 1253, 1257 (S.D. Fla. 2009) (quoting 15 U.S.C. § 1681s-2(b)(1)) (alteration omitted). See also Pinckney v. SLM Fin. Corp., 433 F. Supp. 2d 1316, 1318-19 (N.D. Ga. 2005). "Notice to a furnisher of credit information . . . is provided pursuant to section 1681i(a)(2) when a [credit reporting agency], such as Experian, TransUnion or

Equifax, reports that a customer, such as [p]laintiff, has disputed an item of credit that [defendants] provided to the [credit reporting agency]." <u>Rambarran</u>, 2009 WL 691884, at *3.

Here, there is no allegation that plaintiffs provided the credit reporting agency a notice of a dispute, much less that notice was provided by the credit reporting agency to defendants. <u>See generally</u> [Doc. 1]. "Without such an allegation, [plaintiffs] fail[] to state a claim for violation of the FCRA." <u>Llewellyn v. Shearson Fin. Network, Inc.</u>, Civil Action No. 08-cv-00179-MSK-KLM, 2009 WL 890705, at *8 (D. Colo. Mar. 31, 2009). <u>See also</u> <u>Downs v. Clayton Homes, Inc.</u>, 88 Fed. App. 851, 853-54 (6th Cir. 2004) (unpublished) (finding that where the plaintiff failed to even allege that they filed a dispute with a credit reporting agency, they could not possibly show that the furnisher received notice of the dispute from a credit reporting agency and thus failed to state a claim); <u>Ehreth v. Capital One Servs., Inc.</u>, No. C08-0258RSL, 2008 WL 3891270, at *2 (W.D. Wash. Aug. 19, 2008) ("[T]o state a claim under [s]ection 1681s-2(b), plaintiff must allege that he notified a [credit reporting agency] of his dispute and the [credit reporting agency] notified defendant of the same. The first amended complaint is deficient because it does not contain those allegations."); <u>Allmond v. Bank of Am.</u>, No. 3:07-cv-186-J-33JRK, 2008 WL 205320, at *7 (M.D. Fla. Jan. 23, 2008) (dismissing complaint where plaintiff failed to plead a required element of a claim under § 1681s-2(b)); <u>Jeffries v. Dutton & Dutton,</u>

P.C., No. 05 C 4249, 2006 WL 1343629, at *5 (N.D. Ill. May 11, 2006) ("Because [p]laintiff has not alleged that he noticed the credit reporting agency of a dispute or that the credit reporting agency notified [the bank] about inaccurate or incomplete information, [p]laintiff has failed to plead adequately a cause of action under the FCRA and the claim is dismissed."); Rovers v. Providian Nat'l Bank, No. Civ. 05-6122-AA, 2006 WL 305915, at *1 (D. Or. Feb. 7, 2006) (granting motion for judgment on the pleadings where, despite the first amended complaint, plaintiff failed to allege that the bank ever received notice from a credit reporting agency concerning the disputed information).  Indeed, plaintiffs have merely recited "the elements underlying the cause of action without reciting any specific acts." Simpson v. Countrywide Home Loans, Civil Action File No. 1:10-CV-0224-CAM-ECS, 2010 WL 3190693, at *6 (N.D. Ga. Apr. 26, 2010), adopted by 2010 WL 3190686, at *3 (N.D. Ga. Aug. 11, 2010).   Therefore, plaintiffs have failed to state a claim against defendants under the FCRA, and it is **RECOMMENDED** that their FCRA claim be **DISMISSED**.  Quale, 2010 WL 1417903, at *4.

> **d.**   *TILA Disclosure Claim*

Plaintiffs allege that defendants failed to provide required disclosures in connection with their purchase of the Property on March 15, 2002, in violation of

TILA and Regulation Z.[10]  [Doc. 1 at 1-2, 14].  The purpose of TILA is:

> to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices.  Accordingly, the Act requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights.

Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (internal marks and citations omitted).  An action under TILA must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  Because TILA is a disclosure statute, "[t]he violation 'occurs' when the transaction is consummated," since that is the date on which the legal obligation for the lender to make the disclosures arises. In re Smith, 737 F.2d 1549, 1552 (11th Cir. 1984).  Thus, plaintiffs should have filed their TILA claim within one year from the date of closing.  See Insignares v. Countrywide Home Loans, Inc., No. 09-60128-CIV, 2009 WL 2444322, at *1 (S.D. Fla. July 15, 2009) (citing Smith, 737 F.2d at 1552).  Here, although the Loan closing occurred on March 15, 2002, [Doc. 1 at 1], plaintiffs did not commence this action until September 3, 2010, more than eight and a half years after the closing took place, [id.].  Therefore, plaintiffs' TILA claim in this regard is barred by the applicable

---

[10] "Regulation Z, 12 C.F.R. § 221, *et seq.*, is the implementing regulation for TILA."  Oliver v. Lib Properties, Ltd., Civil Action File No. 1:10-CV-0539-TWT-JFK, 2010 WL 2867932, at *5 n.6 (N.D. Ga. June 21, 2010), adopted by 2010 WL 2867925, at *1 (N.D. Ga. July 20, 2010).

statute of limitations.[11]  Accordingly, it is **RECOMMENDED** that plaintiffs' TILA

disclosure claim be **DISMISSED**.

      e.    *TILA Rescission Claim*

Plaintiffs also seek to rescind the transaction, but their complaint fails to state

a claim for rescission under TILA.  [Doc. 1 at 24].  "A 'residential mortgage

transaction' is exempt from TILA rescission.'" <u>Saldate v. Wilshire Credit Corp.</u>, No.

CV F 09-2089 LJO SMS, 2010 WL 582069, at *5 (E.D. Cal. Feb. 12, 2010) (quoting 15

U.S.C. § 1635(e)(1))).  "A 'residential mortgage transaction' is defined as 'a

transaction in which a mortgage, deed of trust, purchase money security interest

arising under an installment sales contract, or equivalent consensual security interest

is created or retained against the consumer's dwelling to finance the acquisition or

initial construction of such dwelling.'" <u>Id.</u> (quoting 15 U.S.C. § 1602(w)).  "There is

no statutory right of rescission where the loan at issue involves the creation of a first

lien to finance the acquisition of a dwelling in which the customer resides or expects

---

[11] While plaintiffs' TILA claims could be subject to equitable tolling, to establish that equitable tolling is warranted, plaintiffs must show: (1) fraudulent concealment by the party invoking the statutory bar, and (2) their failure to discover the facts which are the basis of their cause of action despite (3) the exercise of due diligence on their part.  <u>Jankus v. Edge Investors, L.P.</u>, 619 F. Supp. 2d 1328, 1337 n.8 (S.D. Fla. 2009), <u>withdrawn and superseded on reconsideration on other grounds</u>, 650 F. Supp. 2d 1248 (S.D. Fla. 2009) (citations omitted); <u>see also</u> <u>Williams v. Saxon Mortg. Servs., Inc.</u>, No. Civ.A. 06-0799-WS-B, 2007 WL 2828752, at *4 (S.D. Ala. Sept. 27, 2007).  Here, plaintiffs have failed to even respond to defendants' motion, much less show that equitable tolling is warranted.  Thus, plaintiffs are not entitled to equitable tolling, and their TILA claim is time-barred.

to reside." <u>Id.</u> (internal marks and citations omitted); <u>Watts v. Decision One Mortg.</u>

<u>Co., LLC.</u>, No. 09 CV 0043 JM (BLM), 2009 WL 648669, at *4 (S.D. Cal. Mar. 9, 2009)

("Thus, while home equity loans and refinancing transactions would be amenable

to rescission, [p]laintiff's purchase money mortgage is not.").

   Here, plaintiffs clearly allege that they obtained a mortgage loan in order to

purchase the Property intended to be their residence.  [Doc. 1 at 22].  Therefore,

because the loan at issue is a residential mortgage transaction, it is exempt from

TILA rescission and plaintiffs' rescission claim is due to be dismissed.  <u>Saldate</u>, 2010

WL 582069, at *5; <u>Watts</u>, 2009 WL 648669, at *4.  Alternatively, even if plaintiffs had

the right to rescind the transaction, their rescission claim would still fail because it

is time-barred under either the three-day or three-year rescission period, since the

loan closing occurred on March 15, 2002, but they did not file their complaint until

September 3, 2010.[12]  <u>See</u> 12 C.F.R. § 226.23(a)(3); <u>Smith v. Highland Bank</u>, 108 F.3d

---

[12] Furthermore, plaintiffs' complaint also "fails to put [defendants] on notice as to what triggered the right to rescind."  <u>Jozinovich v. JP Morgan Chase Bank, N.A.</u>, No. C09-03326 THE, 2010 WL 234895, at *5 (N.D. Cal. Jan. 14, 2010).  Indeed, while plaintiffs allege a right to rescind, they fail to specify anywhere in their complaint which material terms of the loan were undisclosed or which disclosures were deficient or never made. <u>Id.</u>  Thus, plaintiffs' claim for rescission under TILA "fails to give [defendants] fair notice as to the basis for the claim," and is due to be dismissed for this additional reason. <u>Id.</u>  Additionally, to the extent plaintiffs seek equitable remedies under TILA, their claims fail because TILA provides a legal remedy, but not an equitable one.  <u>See</u> <u>Wilson v. Saxon Mortg. Servs.</u>, Civil Action No. 1:08-CV-3630-CAP, at [Doc. 4 at 1-2], (N.D. Ga. Dec. 1, 2008) (citing <u>Christ v. Beneficial Corp.</u>, 547 F.3d 1292, 1298 (11th Cir. 2008)).

1325, 1326 (11th Cir. 1997) (per curiam).  Accordingly, it is **RECOMMENDED** that plaintiffs' TILA rescission claim be **DISMISSED**.

      **f.**    *RESPA Claims*

Plaintiffs also make vague references to alleged RESPA violations.  [Doc. 1 at 2, 23].[13]  Plaintiffs claim that they did not receive the "Special Information Booklets." [Id. at 2].  "Although plaintiffs fail to cite the specific portion of the statute allegedly violated, the provision of 'Special Information Booklets' distributed to mortgage lenders is covered by 12 U.S.C. § 2604."  Webb v. Suntrust Mortg., Inc., Civil Action No. 1:10-CV-0307-TWT-CCH, 2010 WL 2950353, at *4 (N.D. Ga. July 1, 2010), adopted by 2010 WL 2977950, at *1 (N.D. Ga. July 23, 2010).

Under § 2604, lenders are required to provide a loan applicant with a booklet, often referred to as a "Special Information Booklet," that explains the nature and costs of real estate settlement services within three business days after the lender receives the loan application.  12 U.S.C. § 2604(a), (d).  However, plaintiffs' claim in

---

[13] Indeed, plaintiffs have failed to allege sufficient facts to support their RESPA claims.  See Broner, 258 Fed. App. at 256-57; Johnson v. Scala, No. 05 Civ. 5529(LTS)(KNF), 2007 WL 2852758, at *5 (S.D.N.Y. Oct. 1, 2007) (explaining that there are only three private causes of action under RESPA and finding that plaintiffs failed to plead any facts to establish a cause of action under RESPA sufficient to withstand dismissal).  Plaintiffs' conclusory statements in their complaint fail to give defendants fair notice of what their claims are and the grounds upon which they rest.  Plaintiffs fail to provide any factual allegations supporting these claims, merely making conclusory references to RESPA, which fail to put defendants on notice as to how it violated RESPA.  Nevertheless, to the extent the Court can discern alleged RESPA violations from plaintiffs' complaint, they are addressed herein.

this regard fails because "an individual cannot bring a civil action when a lender fails to provide this booklet because RESPA does not authorize such a suit." Martin, 2010 WL 3418320, at *6 (citing 12 U.S.C. § 2604(d)) (citations omitted); Webb, 2010 WL 2950353, at *4.   Consequently, "[p]laintiff[s] cannot state a claim against [defendants] for not receiving the special information booklet." Martin, 2010 WL 3418320, at *6.

Plaintiffs also allege that they did not receive the "Controlled Business Arrangement (CBA) Disclosure." [Doc. 1 at 2].  This claim also fails because it is barred by the applicable statute of limitations.  Although plaintiffs have not included sufficient facts to determine which provision of RESPA they allege were violated, it appears they are attempting to assert a violation of 12 U.S.C. § 2607, which must be brought within one year from the date of the occurrence of the violation. See 12 U.S.C. § 2614; Webb, 2010 WL 2950353, at *5.[14] Here, any alleged violation of § 2607 occurred on March 15, 2002, the date of the closing, and thus plaintiffs' September 3, 2010, filing of this action is untimely.  Webb, 2010 WL 2950353, at *5.

---

[14] Section 2607 pertains to prohibitions against kickbacks, unearned fees and disclosures relating to fee arrangements.  12 U.S.C. § 2607(a)-(d).  There is a three-year statute of limitations for actions brought by the Secretary, the Attorney General of any State, or the insurance commissioner of any State, which is not applicable here.  See Clausell, Civil Action No. 1:10-CV-0618-CAP-JFK, at [Doc. 17 at 20 n.12 (citing 12 U.S.C. § 2614)].

Finally, plaintiffs allege that "[t]his Loan has been transferred to Chase Home Finance without notice to [t]he [p]laintiff as required is [sic] RESPA." [Doc. 1 at 2]. Plaintiffs further allege that a "'Qualified Written Request' was given to the Servicer and more than 20 days was [sic] passed with no response from the Servicer as Required." [Id.]. These allegations suggest that plaintiffs are attempting to assert a claim under 12 U.S.C. § 2605(e), which governs how and when a loan servicer must respond to a borrower's "Qualified Written Request." See 12 U.S.C. § 2605(e). However, "alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages." Saldate, 2010 WL 582074, at *6 (internal marks and citation omitted). See also Amaral v. Wachovia Mortg. Corp., No. 09-CV-00937-OWW-GWA, 2010 WL 618282, at *5 (E.D. Cal. Feb. 17, 2010). Plaintiffs' allegations fail to put defendants on notice as to how any purported RESPA violations harmed them. Likewise, to the extent plaintiffs seek equitable relief under RESPA, it is not available as a matter of law. See Wilson, Civil Action No. 1:08-CV-3630-CAP, at [Doc. 4 at 2 (citing Mullinax v. Radian Guar., Inc., 199 F. Supp. 2d 311, 333 (M.D.N.C. 2004) ("'[A]n injunction is unavailable in RESPA private actions. . . .'"))]. Accordingly, plaintiffs have failed to state a claim against defendants under RESPA, and it is therefore **RECOMMENDED** that plaintiffs' RESPA claims be **DISMISSED**.

2.      **Plaintiffs' State Law Claims**

Plaintiffs also appear to allege claims for failure to produce the original promissory note, breach of contract, and for fraud and misrepresentation.  [Doc. 1 at 4, 15].[15]  The Court will address each of these claims.

a.      ***"Produce the Note" Claim***

Plaintiffs allege that they "asked that the Note Holder show proof of [a]ll of the closing papers by Original Promissory note as to who the real holder in due [c]ourse is." [Doc. 1 at 4].  To the extent plaintiffs are alleging that defendants failed to produce the original promissory note, "such arguments have been rejected by this court and by other courts." Taylor v. Johnson & Freedman, LLC, Civil Action No. 1:09-CV-0485-CAM-JFK, at [Doc. 7 at 17], (N.D. Ga. Aug. 4, 2009), adopted at [Doc. 9], (N.D. Ga. Sept. 3, 2009).  See also Webb, 2010 WL 2950353, at *2 n.5; Porter v. Branch Banking & Trust, Civil Action No. 1:09-cv-03656-JEC, at [Doc. 13 at 12-13] (N.D. Ga. Feb. 24, 2010), adopted at [Doc. 18] (N.D. Ga. Apr. 9, 2010).

Additionally, other federal courts faced with this allegation from plaintiffs have also found that possession of the promissory note is not required in mortgage-

---

[15] Since it is recommended that the federal claims be dismissed, the Court could decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss these claims without prejudice.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Scarfo v. Ginsberg, 175 F.3d 957, 962 (11th Cir. 1999).  However, in the event the Court elects to retain jurisdiction over the state law claims, the undersigned will address the merits of those claims.

related actions.  See Phillips v. MERS Mortg. Elec. Registration Sys., No. 1:09-CV-01028-OWW-SMS, 2009 WL 3233865, at *9 (E.D. Cal. Oct. 2, 2009); Candelo v. NDEX W., LLC, No. CV F 08-1916 LJO DLB, 2008 WL 5382259, at *4 (E.D. Cal. Dec. 23, 2008).  Therefore, plaintiffs have failed to state a claim upon which relief may be granted for defendants' alleged failure to produce the original promissory note.

### b.   *Breach of Contract*

"[T]he elements for a breach of contract claim in Georgia are merely the breach and the resultant damages to the party who has the right to complain about the contract being broken."  Odem v. Pace Acad., 510 S.E.2d 326, 331 (Ga. Ct. App. 1998) (internal marks and citation omitted).  "The Supreme Court has held that the breach must be more than de minimus and substantial compliance with the terms of the contract is all that the law requires."  Kuritzky v. Emory Univ., 669 S.E.2d 179, 181 (Ga. Ct. App. 2008) (citing Dennard v. Freeport Minerals Co., 297 S.E.2d 222, 225 (1982)).  Plaintiffs' complaint fails to allege the elements of a breach of contract.  First, plaintiffs fail to allege that any defendant breached a contract with the plaintiffs: "Count XI: Breach of Contract" states only that "Defendant owed a duty to the Plaintiff to perform and the Defendant fail [sic] to perform its duties and obligations."  [Doc. 1 at 15].  In fact, plaintiffs fail to even identify what contract defendants allegedly breached.  Second, plaintiffs fail to allege any damages caused

by a breach of contract, alleging only generally that plaintiffs have suffered, and will continue to suffer injury as a result of defendants' violations of the FTC Act, FDCPA, FCRA, and the TILA Regulation Z.   [Id. at 23-24].   Accordingly, it is **RECOMMENDED** that plaintiffs' breach of contract claim be **DISMISSED**.

### c.   *Fraud and Misrepresentation Claims*

While the complaint includes allegations of fraud, plaintiffs have failed to plead with particularity any fraud claims in their complaint.  Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "This Rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior."  Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1370-71 (11th Cir. 1997) (per curiam) (quoting Durham v. Bus. Mgmt. Assocs., 847 F.2d 1505, 1511 (11th Cir. 1988)) (internal marks omitted).[16]

Plaintiffs' complaint does not identify any specific false information provided by defendants, contains no details about the alleged misrepresentations that

---

[16] The essential elements of fraud that must be pled are: "(1) a false representation by the defendant; (2) scienter; (3) an intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff proximately caused by the reliance."  Am. Casual Dining, L.P. v. Moe's Sw. Grill, L.L.C., 426 F. Supp. 2d 1356, 1364 (N.D. Ga. 2006) (citations omitted).

constitute the fraud, and instead rests on conclusory allegations. Plaintiffs have not pleaded how they relied on the alleged misrepresentations or how the misrepresentations or fraudulent acts damaged them in any way. See Prime Mgmt. Consulting & Inv. Servs., LLC v. Certain Underwriters at Lloyd's London, No. 1:07-cv-1578-WSD, 2007 WL 4592099, at *8 (N.D. Ga. Dec. 28, 2007). Plaintiffs' allegations are confusing and simply fail to meet Rule 9(b)'s pleading requirements. See Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008); Brooks, 116 F.3d at 1370-71; Simpson, 2010 WL 3190693, at *7. Accordingly, it is **RECOMMENDED** that plaintiffs' fraud claims against defendants be **DISMISSED**.[17]

### 3.    Leave to Amend Complaint

In view of plaintiffs' *pro se* status, and in light of Eleventh Circuit precedent,[18]

---

[17] Although plaintiffs' complaint also includes references to violations of the "ECOA's Regulation B," [Doc. 1 at 24], the complaint does not assert a separate cause of action under this statute, and the vague and conclusory allegations in the complaint referencing it are insufficient to state a claim under Rule 8(a). Twombly, 550 U.S. at 555 (internal marks and citation omitted). Additionally, while plaintiffs assert a "Deceptive Claim in Bankruptcy Servicing" and an "Unfair Collection of Hidden Bankruptcy Fees" claim, plaintiffs have failed to show that a bankruptcy petition has been filed or is even at issue. Thus, to the extent plaintiffs attempt to assert separate claims under these statutes, it is **RECOMMENDED** that these claims be **DISMISSED**.

[18] In Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), the Eleventh Circuit held that where it appears that a more carefully drafted complaint might state a claim upon which relief could be granted, a district court should give the plaintiff at least one chance to amend the complaint before dismissing the action

the undersigned **RECOMMENDS** that plaintiffs' complaint be **DISMISSED WITHOUT PREJUDICE** as to those claims where a more carefully drafted complaint might state a claim for relief,[19] and that plaintiffs be afforded fourteen (14) days from the date of the District Court's ruling on this Report and Recommendation to file an amended complaint that complies with Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure.  If the Court provides plaintiffs an opportunity to file a properly amended complaint, and plaintiffs fail to do so, the undersigned then **RECOMMENDS** that all of plaintiffs' claims be dismissed with

---

with prejudice.  In <u>Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 314 F.3d 541, 542 (11th Cir. 2002) (en banc), the en banc court overruled <u>Bank</u> in part, holding that a "district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."  The en banc court expressly declined to address whether its ruling would apply to a party proceeding *pro se*.  <u>Id.</u> at 542 n.1.  In an unpublished decision, however, a panel of the Eleventh Circuit determined that <u>Bank</u> remains good law as applied to *pro se* litigants.  <u>Spear v. Nix</u>, 215 Fed. App. 896, 902 (11th Cir. 2007) (per curiam) (unpublished).  Thus, where a more carefully drafted complaint might state a claim upon which relief could be granted, a court should not dismiss with prejudice a *pro se* complaint even if the plaintiff has not requested leave to amend without giving the plaintiff at least once chance to amend the complaint.

[19] Specifically, it is **RECOMMENDED** that plaintiffs be provided an opportunity to amend their complaint as to their FCRA, breach of contract, and fraud claims, but not as to their FTC Act, FDCPA, TILA, RESPA, and failure to produce the note claims as they are due to be dismissed with prejudice for the reasons stated herein.  Plaintiffs are cautioned that any claims asserted in an amended complaint must be in compliance with the Federal Rules of Civil Procedure, including Rules 8, 9, 10, and 11, in particular, and that failure to comply with these rules could result in sanctions being imposed on plaintiffs.

prejudice. See Hall v. RTM Restaurant Group, S.E., No. Civ. A. 105CV2251CAP, 2006 WL 83428, at *3-4 (N.D. Ga. Jan. 11, 2006) (allowing plaintiff to amend complaint to address deficiencies and allege specific facts showing entitlement to relief, and holding that failure to amend would result in recommendation to dismiss counts failing to state claims); Holmes v. City of East Point, Ga., No. Civ. A. 105CV2921MHS, 2005 WL 3478375, at *5 (N.D. Ga. Dec. 20, 2005) (permitting plaintiff, who did not file a motion to amend, request leave to amend, or respond to defendants' motion to dismiss, to file an amended complaint within 30 days, and holding that if plaintiff failed to do so, the court would dismiss with prejudice plaintiff's claims); Guimaraes v. NORS, No. 07-20592-CIV, 2008 WL 4186970, at *5-6 (S.D. Fla. Sept. 5, 2008) (allowing pro se plaintiff to re-file an amended complaint which complied with the Federal Rules of Civil Procedure and court's instructions, and holding that complaint would be dismissed with prejudice if plaintiff failed to comply within two weeks); Taylor v. Alvarez, No. 07-23003-CIV, 2008 WL 1840719, at *5 (S.D. Fla. Apr. 21, 2008) (dismissing without prejudice plaintiff's claims on defendants' motion to dismiss, but giving plaintiff two weeks to amend complaint, and holding that if plaintiff failed to do so, court would dismiss case with prejudice).

## IV.  CONCLUSION

For the foregoing reasons, defendants' motion to stay certain pretrial deadlines, [Doc. 6], is **GRANTED** as set forth herein, and it is **RECOMMENDED**

that defendants' motion to dismiss, [Doc. 5], be **GRANTED**, that this action be

**DISMISSED WITHOUT PREJUDICE** as to plaintiffs' FCRA, breach of contract,

and fraud claims, and **DISMISSED WITH PREJUDICE** as to all other claims.

> **IT IS SO ORDERED AND RECOMMENDED** this 9th day of December,

2010.


RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE